# DECISIONS

## OF THE

## SUPREME COURT OF MISSOURI,

### FOURTH JUDICIAL DISTRICT.

### MAY TERM, 1837.

---

### STATE v. JOHNSON.

1. An assault with *intent to wound*, is not indictable under our statute.
2. An assault with *intent to commit manslaughter*, is indictable, and it is sufficiently described in the indictment as an assault with *intent to kill.*

Statement of the case and opinion of the court, delivered by M'GIRK, Judge.

The defendant was indicted in the circuit court of St. Genevieve county, for an assault with intent to wound, and for an assault with intent to kill. A verdict was given against the defendant, and on motion of the defendant the court arrested the judgment. The State brought the cause here by a writ of error. It was proved to this court that the defendant had due notice of the writ of error; and he not appearing, the same was argued by Mr. Cole, for the State.

The first count in the indictment charges that the defendant with force, &c. with a certain dirk, which he held in his right hand, in and upon the body of one James Simms, did make an assault with an intent to wound said Simms, &c. The second count charges that the defendant, with a pistol, loaded with powder and a leaden ball, made an assault on said Simms, with an intent to kill him, &c.

The defendant, by Mr. Scott, moved the court to arrest the judgment, for the following reasons:

79

1st. The offence charged, is not indictable at common law.

2nd. The offence charged, is not indictable by any statute of Missouri.

3rd. The indictment does not state the offence charged was done wickedly, wilfully and maliciously.

4th. The offence charged is but an aggravated assault, not indictable by the laws of Missouri.

5th. The indictment is not certain.

6th. The finding is not warranted by law, &c.

7th. The two offences charged cannot be laid in the same indictment.

8th. The indictment wants form, substance, &c. &c.

*P. Cole,* attorney for the State:

The question presented is simply one of jurisdiction, and amounts to this—does the indictment contain an indictable offence? In support of the affirmative of the question, it may be alleged first—that the indictment does present an indictable offence;—vide art. 2, sec. 34, 35, Digest, page 171.

Secondly.—If the law above referred to, does not maintain the indictment, yet the same is good at common law; vide Arch. cr. plea., 241;—and the statute giving justices of the peace jurisdiction in cases of assault or battery, has not given them jurisdiction of the offences alleged in the indictment;—vide Digest, page 372, sec. 1 and 2; State v. Wilson, 3 M. R., 125; 1 Kent's Com. 433; Jones vs. Reed, 1 John. C. 20.

Thirdly.—If this position cannot be maintained, yet the indictment contains an indictable offence: because the circuit court has concurrent jurisdiction with justices of the peace in assault and battery. Upon the condition that a prosecutor be endorsed on the indictment, which has been done in this case;—vide Digest, 372, for the law giving justices of the peace jurisdiction in cases of breaches of the peace, which law passed on the 20th January, 1835, and ib. page 481, sec. 22, for the law giving the circuit court jurisdiction of trespasses to the person or property of another, upon the condition aforementioned. This law passed in March, 1835, and repeals the law giving justices of the peace jurisdiction, to the extent, that the jurisdiction is no longer exclusive, but concurrent with the circuit court. The rule for the construction of conflicting laws, will be found in same book, page 383, sec. 28. Therefore, in every point of view in which the decision of the circuit court can be examined,

MAY TERM.
1837.

State v. Johnson.

it teems with gross and palpable error, which in its consequences if sanctioned by a court of error, will lop off at a blow the statutory control (to a lamentable extent), of the grand jury, and the circuit court, over outrage and brutal force, and transfer the jurisdiction of grave offences to incompetent officers, which can and will end in nothing better than a mere mockery of public justice.

The common law, which is adopted by our statute, punishes assaults and batteries with fine and imprisonment. Archibald says, they are misdemeanors punishable with fine or imprisonment, or both;—Arch. Com. plea. p. 241.

Opinion, delivered by McGirk, Judge.

The whole of these objections resolve themselves into the following points: 1st. Is the offence charged in either court, indictable by the law of the land? 2nd. If so, then are the offences sufficiently charged by the indictment? By the act of the general assembly of 1835, revised code, 372, respecting justices of the peace, sec. 1, it is enacted, that thereafter, no assault and battery or affray shall be indictable, but all such offences shall be prosecuted and punished in a summary manner, before justices of the peace, as hereinafter provided. 2nd. The jurisdiction of justices of the peace shall not extend to trial or punishment in any case of riot, rout, or unlawful assembly, nor to any assault and battery, which by the then existing laws, may be punished by imprisonment, or by corporeal punishment, or by fine not exceeding one hundred dollars, but such offence shall be punished by indictment. By the 34th section of the act respecting crimes, R. C. 171, it is declared, that every person who shall be convicted of an assault with intent to commit any robbery, burglary, rape, manslaughter, or any other felony, the punishment of which is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, &c.

The first count charges, the assault was committed with intent to wound. This is not made an offence by the statute respecting crimes. It does not come within the 31st section: because that section requires all the assaults and batteries therein mentioned, to be done with malice aforethought. This indictment does not so charge the assault. The assault therefore, with intent to wound, is only common assault and battery before a justice of the peace, though made with a deadly weapon.

As to the second count in the indictment, we are of opinion the offence there charged comes within the 34th

*An assault with intent to wound is not indictable under our statute.*

section. The indictment charges, the assault was made with a loaded pistol, with intent to kill. To assault with intent to kill is, at least, an assault with intent to commit manslaughter. The 34th section declares, that when any one is convicted with an intent to commit manslaughter, the punishment for which is not before prescribed, he shall be imprisoned in the penitentiary, &c. We cannot discover any punishment before prescribed for an assault with intent to commit manslaughter. The 31st section does not prescribe the punishment for this case, but on the contrary, prescribes the punishment for assaults where the party had malice aforethought, and intended to commit murder with deadly weapons. But where one intends only to kill, and has no malice aforethought, he intends only to commit manslaughter. In this view of the matter, the second count is good under the 34th section. As to the other point regarding the sufficiency of the charge contained in the second count, we see no objection to its sufficiency. If the second count had been predicated on section 31st, then, perhaps, the indictment should have alleged that the assault was made of malice aforethought, because malice is one ingredient of the offence; but by section 34th, no previous malice is required to exist to predicate the offence on, which is there forbidden. It was further objected in arrest of judgment, that these two counts could not stand together. We see no good reason for this objection.— In this case, the offences are of like kind, and because one count contains no offence indictable at all, that cannot be a reason why the judgment on the other count should be arrested;—see Crown Circuit Com. 111, 112, 113. The judgment on the first count is affirmed, and the judgment on the second count reversed—and the cause remanded to the court below, for further proceedings.